AO 91 (Rev. 11/11) Criminal Complaint　　　　　　　　　　　　　　　　　AUSA Branka Cimesa (312) 353-6630

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

TODD WENZEL

CASE NUMBER: 1:25-cr-00737

# CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about November 13, 2025 at Waukegan, in the Northern District of Illinois, Eastern Division, and elsewhere, the defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2) | knowingly possessed material, namely a Samsung Galaxy S9+ Model G965U, IMEI: 353321093500240 mobile device, that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a prepubescent minor, such image having been shipped and transported using any means or facility of interstate or foreign commerce and in or affecting interstate commerce by other means, including by computer, and such image having been produced using materials that have been shipped and transported in and affecting interstate and foreign commerce by any means. |

This criminal complaint is based upon these facts:

　X　Continued on the attached sheet.

s/ Stephanie Ruemker (with permission BWJ)
STEPHANIE RUEMKER
Special Agent, Federal Bureau of Investigation

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: November 14, 2025

*Judge's signature*

City and state: Chicago, Illinois

BETH W. JANTZ, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## **AFFIDAVIT**

I, STEPHANIE RUEMKER, being duly sworn, state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been so employed for 4 years. My current responsibilities include the investigation of child exploitation and child pornography.

2. This affidavit is submitted in support of a criminal complaint alleging that Todd Wenzel (WENZEL) has violated Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging WENZEL with possession of child pornography involving a prepubescent minor, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. This affidavit is based on my personal knowledge, information provided to me by other law enforcement agents and from persons with knowledge regarding relevant facts, including WENZEL.

I.  **FACTS SUPPORTING PROBABLE CAUSE**

4. As described more fully below, defendant TODD WENZEL, a 63-year-old male, used his cell phone to access the mobile application Telegram[1] to purchase and store child pornography.

5. As described more fully below, on or about November 13, 2025, the FBI conducted a consensual interview of WENZEL at his residence in Waukegan, Illinois. During that interview, WENZEL made the following material admissions:

- WENZEL admitted that he purchased and viewed child pornography regularly for the purpose of masturbation.

- WENZEL stated that he viewed child pornography in order to prevent himself from inappropriately touching a child.

- WENZEL admitted he viewed the child pornography on, among other devices, his cell phone (the Wenzel Phone).[2]

6. During a preliminary review of the contents of the Wenzel Phone pursuant to a consent search, FBI agents observed multiple video files of prepubescent female children engaged in sexually explicit conduct that constitute child pornography.

---

[1] Based on my training and experience, Telegram is a mobile messaging and social media application used to send messages and multimedia files, among other things. Users may access Telegram from a mobile application, like a cellular phone.

[2] Based on law enforcement review on November 13, 2025, the cell phone belonging to WENZEL is a Samsung Galaxy S9+ Model G965U, IMEI: 353321093500240 mobile device (the "Wenzel Phone").

### A. Background of Investigation

7. This investigation stems from a lead that FBI received indicating that a Capital One credit card with the number ending in 1454 (the "Capital One Card") made two payments of $225 to accounts known to the FBI to be used for accepting payment for child pornography.

8. According to records from Capital One, the Capital One Card belongs to WENZEL.

9. According to open-source database checks performed by FBI and WENZEL's November 13, 2025 interview, WENZEL resides in a single-family residence in Waukegan, Illinois.

### B. WENZEL's November 13, 2025 Consensual Interview with Agents

10. On November 13, 2025, agents visited WENZEL's residence in Waukegan to request a consensual, unrecorded interview regarding those payments. As detailed below, WENZEL agreed to the interview and admitted to purchasing and possessing child pornography, communicating with minors to persuade them to engage in sexually explicit conduct, and using a Telegram account.

11. On the morning of November 13, 2025, Individual A, who resides with WENZEL, answered the door and invited the agents into the residence, a single-family home. Individual A advised the agents that WENZEL was in the basement of the residence and told agents they could call WENZEL to have him come upstairs. Individual A then provided agents with two phone numbers that Individual A stated WENZEL used: (XXX) XXX-5373, and a second phone number, (XXX) XXX-5957.

Individual A subsequently called WENZEL and WENZEL joined the agents in the kitchen.

12. At approximately 7:00 a.m., WENZEL agreed to be interviewed by the agents. The interview occurred in the kitchen at WENZEL's residence. The interview lasted approximately 120 minutes. During the interview, WENZEL made the following statements and admissions, in substance:

13. When asked about the Capital One Card transactions, WENZEL retrieved the Capital One Card from the basement of the residence and showed it to agents. He also retrieved hard-copy bank statements from Capital One, which were dated March 8, 2024 and June 8, 2024, and pointed out the two transactions. WENZEL confirmed he made the payments.

14. WENZEL told agents that he purchased child pornography and had a preference for prepubescent girls. WENZEL told agents that he knew "right from wrong" and that he was a "weirdo," but has had this problem "for a long time." WENZEL told agents that he viewed child pornography daily, when possible. When agents asked whether he viewed child pornography to keep himself from inappropriately touching children, he responded, "Yes."[3]

15. WENZEL admitted he previously sexually assaulted a minor victim who was in his custody and control, which according to WENZEL, resulted one of his sexual abuse convictions.

---

[3] According to law enforcement databases, WENZEL has prior sex offense convictions, Namely, a 1992 criminal convictions for criminal sexual abuse/force, and a 1996 conviction for criminal sexual abuse involving a victim age 9-16.

4

16. WENZEL also told agents that he communicates with minors on Facebook. Specifically, he stated, in substance, that he communicates with minors living in the Philippines and admitted that he has asked them to create and send him images or videos of the minors engaged in sexually explicit content. WENZEL told agents that he sends money to the minors because they are poor. He additionally admitted that he sends videos of himself masturbating to the minors.

### C. Consent Search and Discovery of Child Pornography on the Wenzel Phone

17. During the consensual interview, agents informed WENZEL that the accounts he sent payments to were being used to accept payment for the sale of child pornography and sought his consent to search his cell phone. WENZEL provided consent to the search, signed an FBI form authorizing agents to search the phone, and retrieved the Wenzel Phone from his basement and handed it over to agents.

18. WENZEL also provided written consent for agents to access his Telegram account and Facebook account and provided passwords or the likely passwords for each account.

19. WENZEL told law enforcement that no one except WENZEL accessed the Wenzel Phone.[4]

20. Agents conducted a preliminary review of the Wenzel Phone at WENZEL's residence and determined it used telephone number (XXX) XXX-5373, one of the telephone numbers Individual A identified as used by WENZEL.

---

[4] WENZEL provided law enforcement with the password to the Wenzel Phone.

5

21. Agents also discovered that the Telegram application was downloaded on the Wenzel Phone and accessible without entering a separate password.

22. WENZEL confirmed to agents that he had a Telegram account that belonged to and was used only by him.

23. Based on agents' preliminary review, the Telegram account on the Wenzel Phone (Telegram Account 1) contained multiple photos and videos of video files of prepubescent female children that, in my training and experience, constitute child pornography as defined in Title 18, United States Code, Section 2256(8)(A).

24. Specifically, based on agents' review, one Telegram conversation appeared to be between WENZEL's Telegram Account 1 and a second Telegram account that also appeared to be used by WENZEL (Telegram Account 2). Specifically, Telegram Account 2 had the username "Todd M. Wenzel," a photograph of WENZEL, and used the telephone number (XXX) XXX-5957, the second telephone number Individual A identified as used by WENZEL. From the agents' review, Telegram Account 1 used telephone number (XXX) XXX-5373, the number associated with the Wenzel Phone. In my training and experience, one of the storage methods individuals possessing child pornography use on Telegram is to open direct message conversations with their own Telegram accounts and send themselves files. Among the files contained in this conversation were the following videos, which WENZEL sent to himself, via Telegram, on or about June 29, 2024:

    a. An approximately 17-second video of a prepubescent female licking an adult male penis and inserting it into her mouth;

6

   b. An approximately 16-second video of a prepubescent female with an adult male penis inserted into her mouth, which also depicts the minor child spitting out the adult male's ejaculate into the penis;

   c. An approximately 12-second video of a prepubescent female squatting onto an unknown object and being penetrated by the object. The video depicts an adult hand holding the object in place while the minor female moves up and down on the object.

25. Based on my training and experience, the physical appearance of the victims in the above-described files indicated they were prepubescent minors, approximately 4 to 6 years old.

## II.  CONCLUSION

26.   Based on the above information, there is probable cause to believe that WENZEL knowingly possessed material, namely a Samsung Galaxy S9+ Model G965U, IMEI: 353321093500240 mobile device, that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a prepubescent minor, in violation of Title 18, United States Code, Sections 2252(a)(5)(B) and (b)(2).

        FURTHER AFFIANT SAYETH NOT.

        s/ Stephanie Ruemker (with permission BWJ)
        STEPHANIE RUEMKER
        Special Agent, Federal Bureau of Investigation

SWORN TO AND AFFIRMED by telephone November 14, 2025.

_____
Honorable BETH W. JANTZ
United States Magistrate Judge

8